20 EAST 74TH STREET, INC., Appellant, v. ESTHER MINSKOFF, as Executrix of SAM MINSKOFF, Deceased, et al., Respondents.

First Department, June 9, 1953.

*Aaron Lipper* of counsel (*Walter J. Keeley* with him on the brief; *Lipper, Shinn & Keeley*, attorneys), for appellant.

*Martin Lippman* of counsel (*Sidney Kant* with him on the brief; *McLaughlin & Stern*, attorneys), for respondents.

*Per Curiam.* There would certainly be a triable issue in this case as to whether the building had been completed in accordance with the contract except for the presumption arising from the provision of the contract as to when the building was to be " deemed " completed and the giving of the releases. Appellant contends that the presumption and releases should not bar its proving defendants' breach of contract to furnish " a complete and well furnished building " because both the contract provision and releases were for the purpose of giving effect to the co-operative plan and the obligation to complete the building in substantial accordance with the plans and specifications survived, and respondents recognized that by maintaining in the building employees and laborers after the closing on November 12, 1947. The presumption is not to be disregarded and at least serves the salutary and useful purpose of concluding claims as to insubstantial matters and matters about which reasonable men might differ. But the agreement was drawn by the builders and because it has the effect of limiting their

liability should be strictly construed against them. It should not be applied to the serious detriment of the apartment purchasers to permit the builders to assert and require the court to assume the contrary of what is patently true. The relation between the parties, the circumstances under which the releases were given and the apparent recognition by defendants of a surviving obligation to complete the building warrant a trial of the issues. The order granting summary judgment should be reversed and the motion denied.

COHN, J. (dissenting). The order granting summary judgment to defendants and dismissing the complaint under rule 113 except as to that portion of the complaint as is based upon a written agreement of April 14, 1948, which contains a promise on the part of defendants to pay for furnishings in the lobby, should be affirmed.

The proof submitted establishes by documentary evidence that there was a written agreement, known as: " Sellers' Agreement With Purchasers " setting forth the obligations of the parties. There is conclusive proof that defendants duly performed that agreement in accordance with its terms; and that appellant executed and delivered to defendants a general release discharging each of them from the claims mentioned in the complaint.

Plaintiff's cause of action is based upon that " Sellers' Agreement With Purchasers." Paragraph 9 of the agreement provided that the building was to be deemed completed when these three conditions were met: (1) issuance of certificate of occupancy; (2) final payment on a mortgage loan; and (3) permanent first mortgage to be assigned to the Mutual Benefit Life Insurance Company; that when these three conditions were complied with it was to be " deemed and considered by all parties hereto as conclusive proof that the building has been fully completed in accordance with the provisions of this agreement ". It is conceded that these conditions were met. Work done by defendants after the closing related only to additional services and materials required by the mortgagee and defendants' obligation to perform the additional work, as so required, was intended to survive the closing.

The alleged oral promises made by defendants after the closing to do further work and to furnish additional equipment are unenforcible for lack of consideration if viewed as independent agreements. If they are considered as modifying the provisions of the sellers' agreement with purchasers, they are

unenforcible because the agreement itself specifically provided that no change or modification thereof was to be binding upon the sellers unless in writing, signed by the defendants or their duly authorized agent.

In the circumstances, summary judgment dismissing the complaint except as to the lobby furnishings was proper, and the order should in all respects be affirmed.

PECK, P. J., DORE and BREITEL, JJ., concur in *Per Curiam* opinion; COHN, J., dissents and votes to affirm, in opinion, in which GLENNON, J., concurs.

Judgment and order reversed, with costs to the appellant and the motion for summary judgment denied. [See *post*, p. 836.]